*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TAYLOR THOMAS MANOL,

Defendant-Appellant.

UNPUBLISHED
January 24, 2025
10:26 AM

No. 358838
Benzie Circuit Court
LC No. 20-002716-FC

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Defendant, Taylor Manol, was convicted by a jury of one count of first-degree premeditated murder, MCL 750.316(1)(a). The trial court sentenced him to serve a term of life in prison without parole. He appeals his conviction by right. We affirm because there are no errors warranting reversal.

## I. BASIC FACTS

Manol shot his neighbor, Alexander Sarantos, dead. The prosecution's theory of the case was that after Manol had drunk nearly a fifth of whiskey in a short period of time, he became angry and agitated, and later went to his back porch to shoot his guns off between 11:00 p.m. and midnight. Evidence demonstrated that Manol fired toward Sarantos's house with two different guns. A bullet hit Sarantos in his heart and killed him. Manol testified that he had schizophrenia disorder, bipolar type. He further admitted in his testimony that he had consumed a bottle of bourbon, went outside to shoot his guns, and shot Sarantos, but that he did not intend to shoot Sarantos and did not remember what happened or whether he and Sarantos had argued.

After Manol's preliminary examination, while represented by his first lawyer, Patrick Fragel, Manol rejected the prosecution's offer to plead guilty to second-degree murder. Fragel had advised Manol to take the plea. Thereafter, Manol fired Fragel and retained Craig Elhart. After trial, Manol filed a motion to compel the prosecution to reextend the plea offer to plead guilty to second-degree murder, which he claimed he did not pursue on the basis of the erroneous advice of Elhart that there was "almost zero chance" that he would be convicted of first-degree premeditated murder, and little chance he would be convicted of second-degree murder. At

-1-

Manol's *Ginther*[1] hearing, the prosecution argued that because a second plea offer was never made to Manol after his rejection of the plea offer, there was no basis for a finding of ineffective assistance leading to an improvidently rejected plea offer. The trial court found that no second plea offer was extended to Manol, and that he was therefore not entitled to be reoffered the rejected plea on the basis of ineffective assistance.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Manol argues that he received ineffective assistance because Elhart unreasonably told him there was almost no chance that he could be convicted of second-degree murder. He contends that, but for this erroneous advice, there was a reasonable probability that the previous offer to plead guilty to second-degree murder would have been revived and that he would have accepted it. "The question whether trial counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *In re Londowski*, 340 Mich App 495, 516; 986 NW2d 659 (2022) (quotation marks and citation omitted). Clear error exists where the reviewing court "is definitely and firmly convinced that the trial court made a mistake." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). An appellate court must also give deference to the trial court's credibility determinations. See *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018), citing MCR 2.613(C). "De novo review means that this Court reviews the legal issue independently without deference to the lower court." *People v Posey*, 512 Mich 317, 332; 1 NW3d 101 (2023).

### B. ANALYSIS

A criminal defendant is entitled to the assistance of counsel under the Sixth Amendment to the United States Constitution and under the Michigan Constitution. *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). This right includes the effective assistance of a lawyer. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). "In order to obtain a new trial because of ineffective assistance of counsel, 'a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different.'" *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted). "Effective assistance of counsel is presumed, and defendant bears a heavy burden to prove otherwise." *People v Baham*, 321 Mich App 228, 236; 909 NW2d 836 (2017). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

---

[1] See *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

"Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020). The general duties of a lawyer when advising a defendant about a potential guilty plea are

> to properly advise defendant regarding the nature of the charges or the consequences of the guilty plea and the possible defenses to the charges to which the defendant is pleading guilty, so defendant has the ability to make an intelligent and informed choice from among his alternative courses of action. [*Id*. (quotation marks and citation omitted).]

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v Frye*, 566 US 134, 145; 132 S Ct 1399; 182 L Ed 2d 379 (2012).

"The proper remedy for ineffective assistance of counsel during plea negotiations will depend on the circumstances of the case, but it could potentially entail resentencing or requiring a rejected plea to be reoffered." *Id*. Where a defendant alleges they rejected a plea agreement because of the ineffective assistance, the defendant must establish that

> but for the ineffective advice of counsel there is a reasonable probability that [(1)] the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [(2)] that the court would have accepted its terms, and [(3)] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler v Cooper*, 566 US 156, 164; 132 S Ct 1376; 182 L Ed 2d 398 (2012).]

In this case, Manol has failed to establish that the prosecution made a renewed offer for him to plead guilty to second-degree murder after he rejected the offer that was extended when he was represented by his first lawyer. Elhart testified at the *Ginther* hearing that his discussions with the prosecution about possible pleas were not "serious" because they were "always . . . poised to go to trial." The prosecutor testified that she and Elhart had only "brief discussions" about potential plea offers. A county victim advocate testified that no plea offer was made to Manol when he was represented by Elhart. As such, the trial court did not clearly err by determining that no plea offer existed at the time of Elhart's allegedly erroneous advice.

While Manol claims to have had discussions with Elhart about pleading guilty to second-degree murder, he did not claim that there was in fact a subsequent plea offer made by the prosecution. Further, although Elhart testified that he believed Manol *could have* obtained such a plea offer had Manol wanted it, and although Manol testified that he would have taken such a plea if he had been advised by Elhart to accept it, the record supports the trial court's conclusion that no plea offer existed for Manol to have accepted or rejected at the time he was represented by Elhart. Therefore, Manol cannot establish that he was prejudiced by Elhart's alleged advice that the jury would likely not convict him if he proceeded to trial.

## III. DIMINISHED CAPACITY

Before trial, Manol sought to present expert testimony pertaining to his mental illnesses and the way they might have affected his ability to form the intent to kill Sarantos. The trial court excluded this testimony on the basis of its conclusion that the testimony was intended to support a defense of diminished capacity, which is a defense precluded by our Supreme Court's decision in *People v Carpenter*, 464 Mich 223; 627 NW2d 276 (2001). Manol now asserts that *Carpenter* was wrongly decided and should be overturned. As Manol acknowledges, however, we do not have the authority to overturn or "anticipatorily ignore" Michigan Supreme Court precedent. *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). Accordingly, he is not entitled to relief on this basis.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

-4-